NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 4 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-30102 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-05475-RBL-1 |
| v. | |
| BRENT S. MEISNER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 29, 2018**
Seattle, Washington

Before:  HAWKINS, McKEOWN, and W. FLETCHER, Circuit Judges.

Brent Meisner appeals from his bench trial conviction and eighteen-month sentence for one count of knowingly filing a materially false tax return, in violation of 26 U.S.C. § 7206(1).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

The evidence is sufficient to support Meisner's conviction because, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt that Meisner knowingly made a false statement on his 2009 tax return. Although Meisner argues his testimony supported a good-faith defense, he does not challenge the district court's adverse credibility finding against him. *See United States v. Overton*, 573 F.3d 679, 689 n.8 (9th Cir. 2009) (amended opinion) (finding "no reason to set aside" the district court's credibility determination and credit the defendant's trial testimony). Moreover, sufficient evidence belies any asserted good-faith misunderstanding. Meisner was a sophisticated businessperson who carefully tracked income and expenses on multiple rental properties for tax purposes. Additionally, his former employer explained to Meisner that his termination stemmed from failing to reimburse the company for substantial noneconomic income, thus placing Meisner on notice that he received noneconomic income.

**AFFIRMED.**